IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

MCCRAW, et al.,                  :    CIVIL ACTION
                                 :    NO. 12-2119
          Plaintiffs,            :
                                 :
     v.                          :
                                 :
GLAXOSMITHKLINE,                 :
                                 :
          Defendant.             :


M E M O R A N D U M

EDUARDO C. ROBRENO, J.                        JANUARY 17, 2014


**Contents**

I.    INTRODUCTION................................................ 3
II.   BACKGROUND.................................................. 3
      A.    Procedural History................................... 3
      B.    Factual Background................................... 4
III.  STANDARD OF REVIEW......................................... 7
IV.   DISCUSSION................................................. 9
      A.    Venue in the Southern District of Texas is Proper.... 9
      B.    The Interests of Justice are Served by Transfer to the
      Southern District of Texas................................ 11
            1.    The Private Interests........................ 11
                  a. The Plaintiff's Forum Preference........... 11
                  b. The Defendant's Preference................. 13
                  c. Whether the Claim Arose Elsewhere.......... 13
                  d. The Convenience of the Parties............. 14
                  e. The Convenience of the Witnesses........... 15
                  f. The Location of Books and Records.......... 16
            2.    Public Interests............................. 17
                  a. The Enforceability Of The Judgment......... 17

b. Practical Considerations That Could Make The Trial Easy, Expeditious, Or Inexpensive........ 18

c. The Relative Administrative Difficulty In The Two Fora Resulting From Court Congestion....... 18

d. The Local Interest In Deciding Controversies At Home........................................ 19

e. The Public Policies Of The Fora............ 21

f. The Familiarity Of The Trial Judge With The Applicable State Law In Diversity Cases........ 21

V.   CONCLUSION............................................ 24

## I.    INTRODUCTION

Before the Court is the Motion to Transfer Venue filed by Defendant GlaxoSmithKline LLC, formerly SmithKline Beecham Corporation d/b/a GlaxoSmithKline ("Defendant"), in which Defendant seeks to have this case transferred to the Southern District of Texas.  T.R.M., a minor, ("Child") and her mother, Shawna L. McCraw ("Mother") (collectively "Plaintiffs") oppose the Motion to Transfer.  For the reasons that follow, the Court will grant Defendant's motion pursuant to U.S.C. § 1404(a) and transfer the case to the Southern District of Texas for further proceedings.

## II.   BACKGROUND

### A.    Procedural History

This case originated as one of the many cased filed as part of the consolidated Paxil Pregnancy litigation pending in the Philadelphia Court of Common Please Mass Tort Program (In re Paxil Pregnancy Cases, February Term 2007, No. 3220).  The present case was filed as part of a long form complaint alongside several other cases and supplemented by a short form

3

complaint.  See Notice of Removal, Ex. A., Long Form Compl., ECF
No. 1.  On April 20, 2013, Defendant filed the Notice of Removal
in which it removed this case, alongside with several other
Paxil Pregnancy Cases, to the United States District Court.
Notice of Removal, ECF No. 1.  The Court later granted
Defendant's Motion to Stay, pending the Third Circuit's
determination of Defendant's state of citizenship.  Order
Granting Motion to Stay, ECF No. 7; see also Mot. to Stay, ECF
No. 2.  On June 13, 2013.  Defendant notified the Court that the
Third Circuit had determined that Defendant was a citizen of
Delaware and not a citizen of Pennsylvania.  See Notice, June
12, 2013, ECF No. 9.  On October 30, 2013, Defendant filed a
Motion to Transfer.  See Mot. to Transfer Venue, ECF No. 10.
Plaintiffs have filed their response (ECF No. 11) and Defendant
has filed a reply (ECF No. 12).


   B.   Factual Background


        Paxil, the band name for paroxetine hydrochloride, is
a prescription-drug medication that is manufactured,
distributed, and marketed by Defendant.  It has been approved by
the United States Food and Drug Administration for treatment of,
among other conditions, depression.  Defendant has extensive

4

corporate offices in the Eastern District of Pennsylvania and employs a vast workforce therein.  Defendant's document depository, containing the relevant documents relating to Paxil, is located in Philadelphia.  See generally Fisher v. SmithKline Beecham Corp., No. 06-3021, 2007 WL 1234845, at *1, *4 (E.D. Pa. Apr. 25, 2007) (providing information on Defendant's document depository within the Eastern District of Pennsylvania). Furthermore, Plaintiffs allege that the executives and scientists involved in the clinical trials of Paxil, Defendant's FDA liaison for Paxil from 1995 through 2003, and others associated with the drug all reside in or near Philadelphia. See Pls.'s Brief 2, ECF No. 11 (citing Fisher, 2007 WL 1234845, at *3-4).  Finally, the pediatric clinical trials for Paxil were conducted in Philadelphia.  See generally Fisher, 2007 WL 1234845, at *8.

Plaintiffs both reside in Houston, Texas.  Def.'s Mot. to Transfer, Ex. A, Short Form Compl. ¶ 6, ECF No. 10-3. Plaintiffs were residents of Texas[1] at all times relevant to this matter.  Plaintiffs claim that Mother's doctor, Dr. Michael A. Barnard, M.D., prescribed Paxil to treat Mother's depression.

---

[1]      Specifically, Plaintiffs resided within the Southern District of Texas.  All references to Texas in this memorandum, unless otherwise noted, are within the Southern District of Texas.

Plaintiffs allege that Mother consumed Paxil, as per the prescription, during her pregnancy.  Plaintiffs aver that due to Mother's ingestion of Paxil while pregnant, Child was born with several birth defects including: persistent pulmonary hypertension; atrial septal defect; ventricular septal defect; atrioventricular canal defect; common valve defect; coarctation of the aorta; subaortic obstruction; patent ductus artery defect; and/or developmental delay.  Compl. ¶ 6.

Plaintiffs' complaint asserts sixteen counts: Breach of Express Warranty; Breach of Implied Warranty; Fraud; Intentional Infliction of Emotional Distress; Loss of Consortium; Negligence; Negligence Per Se; Negligent Pharmacovigilance; Failure to Warn; Negligent Misrepresentation; Punitive Damages; Strict Products Liability; Violation Of Consumer Fraud Statutes; Loss of Income; Medical Expenses; and Design Defect.  Compl. ¶ 7.

In toto, from the face of the complaint, Plaintiffs allege that Mother saw Dr. Barnard in Texas, the Paxil was prescribed in Texas, Mother consumed the Paxil in Texas, Mother was Pregnant in Texas, Child was born in Texas, Child's treatment has been within Texas, and Plaintiffs reside in Texas, but Defendant has a significant presence in Pennsylvania and much of Paxil's development was conducted in Pennsylvania.

6

**III. STANDARD OF REVIEW**

A district court may transfer an action to any other district "where it might have been brought" if this transfer is "for the convenience of parties and witnesses" and "in the interest of justice."  28 U.S.C. § 1404(a).[2]  Federal law governs the determination of whether to transfer venue pursuant to § 1404(a) as the issue is procedural rather than substantive.  <u>See</u> <u>Jumara v. State Farm Ins. Co.</u>, 55 F.3d 873, 877-78 (3d Cir. 1995).  The analysis of a request for transfer under § 1404(a) consists of two parts.

First, the transferor and transferee venue must both be proper.  For jurisdiction based on a federal question,

> (b)  A civil action may be brought [and thus, venue proper] in—
>> (1)  a judicial district in which any defendant resides, if all defendants are residents of the State in which the district is located;
>> (2)  a judicial district in which a substantial part of the events or omissions giving rise to the claim occurred, or a substantial part of property that is the subject of the action is situated; or
>> (3)  if there is no district in which an action may otherwise be brought as provided in this section, any judicial district in which any

---

[2]  A district court may also transfer venue pursuant to 28 U.S.C. § 1406, however, as there is no allegation that venue in the Eastern District of Pennsylvania would be improper, the Court does not conduct a § 1406 analysis.

> defendant is subject to the court's personal jurisdiction with respect to such action.

28 U.S.C. § 1391(b).

Second, the Court is required to consider "all relevant factors to determine whether on balance the litigation would more conveniently proceed and the interests of justice be better served by transfer to a different forum." Jumara, 55 F.3d at 879 (citation omitted).  The Third Circuit has outlined a non-exhaustive list of the public and private interest factors that courts should consider in making that determination.  The private interests include:

> (1) the plaintiff's forum preference as manifested in the original choice; (2) the defendant's preference; (3) whether the claim arose elsewhere; (4) the convenience of the parties as indicated by their relative physical and financial condition; (5) the convenience of the witnesses; and (6) the location of books and records.

McLaughlin v. GlaxoSmithKline, L.L.C., No. 12-3272, 2012 WL 4932016, at *2 (E.D. Pa. Oct. 17, 2012) (citing Jumara, 55 F.3d at 879).  The public interests include:

> (1) the enforceability of the judgment; (2) practical considerations that could make the trial easy, expeditious, or inexpensive; (3) the relative administrative difficulty in the two fora resulting from court congestion; (4) the local interest in deciding controversies at home; (5) the public policies of the fora; and (6) the familiarity of the trial judge with the applicable state law in diversity cases.

Id. (citing Jumara, 55 F.3d at 879).

8

Finally, the "burden falls on the moving defendant to show the desirability of transferring venue and to present evidence upon which the court may rely in justifying transfer." Id.

## IV. DISCUSSION

The Court next undertakes the two step analysis of determining whether, pursuant to §1404(a), this case should be transferred to the Southern District of Texas.  First, the Court will determine if the original venue and the requested venue would be proper.  Jumara, 55 F.3d at 879.  Next, if venue in either forum would be appropriate, the Court will undertake a balancing test to determine if the interests of justice would be better served by transfer to Defendant's requested forum.  Id..

### A.   Venue in the Southern District of Texas is Proper

Plaintiffs do not dispute that this case "might have been brought" within the Southern District of Texas.  The allegations in the Complaint make it clear that Plaintiff is a resident of Harris County, Texas which is located within the Southern District of Texas.  Compl. ¶ 6.  Furthermore, a

substantial portion of the alleged events took place within Texas, including the prescribing of Paxil, the ingestion of Paxil, Mother's pregnancy, Child's birth, and the medical treatment of both Mother and Child.  That a substantial part of the alleged events which give rise to the claim took place within the Southern District of Texas satisfies 28 U.S.C. § 1391(b)(2).

That venue is proper within the Eastern District of Pennsylvania is uncontested by either party.

Accordingly, as the first part of the analysis is satisfied, the Court will evaluate the next step of the venue determination: whether the convenience of the parties and witnesses, and the interests of justice would be served by transferring this case to the Southern District of Texas.

B.  The Interests of Justice are Served by Transfer to the
Southern District of Texas


As venue is proper in either forum, the next step in
the Court's analysis is to balance all relevant factors to
determine whether the litigation would more conveniently proceed
and the interests of justice be better served through transfer.
Jumara, 55 F.3d at 879.  Accordingly, the Court addresses the
interest factors laid out by Jumara.


1.  The Private Interests


The Court first addresses the six private interest
factors.


a.  The Plaintiff's Forum Preference


Normally, a plaintiff's choice of forum is given
significant weight.  Shutte v. Armco Steel Corp., 431 F.2d 22,
25 (3d Cir. 1970), cert. den. 401 U.S. 910 (1971).  In certain
circumstances, however, a plaintiff's choice of forum does not
receive significant deference.  See Copley v. Wyeth, Inc., No.

11

09-722, 2009 WL 2160640, at *3 (July 17, 2009).  When a plaintiff files suit outside of the plaintiff's home forum, the choice will receive less deference.  Id.  Additionally, when none of the operative facts occur in the selected forum, the Plaintiff's choice will receive less weight.  Fid. Leasing, Inc. v. Metavec Corp., No. 98-6035, 1999 WL 269933, at *2 (E.D. Pa. Apr.29, 1999).  Notably, in several other Paxil-Pregnancy Cases, courts in this district have found that the plaintiff's forum preference, while still "granted some weight," was entitled to "lessened" deference because the plaintiff "is not requesting a home forum or one in which a number of the operative facts in the case occurred."  McLaughlin, 2012 WL 4932016, at *3.

Presently, Plaintiffs are not domiciled in the Eastern District of Pennsylvania and Mother's ingestion of Paxil also did not occur in this district.  Many of the other relevant events which give rise to this litigation occurred in the Southern District of Texas rather than the Eastern District of Pennsylvania.  Accordingly, Plaintiffs' preference should only be granted some weight and not the significant weight which is normally due.  See, e.g., McLaughlin, 2012 WL 4932016, at *3 (finding Paxil Pregnancy plaintiffs' choice of forum is not due significant weight where suit was filed in Eastern District of

Pennsylvania and plaintiffs resided elsewhere).  This factor
does, however, still weigh against transfer.

        b.      <u>The Defendant's Preference</u>

      Defendant's form choice is "entitled to considerably
less weight than Plaintiff's, as the purpose of a venue transfer
is not to shift inconvenience from one party to another." <u>EVCO
Tech. and Dev. Co. v. Precision Shooting Equip., Inc.,</u> 379 F.
Supp. 2d 728, 730 (E.D. Pa. 2003) (citations omitted).

      Defendant's preference is, obviously, for the Southern
District of Texas.  Accordingly, it weighs in favor of transfer.

        c.      <u>Whether the Claim Arose Elsewhere</u>

      Typically the most appropriate venue is determined by
the third factor: where a majority of events giving rise to the
claim arose.  <u>Gunther v. Dependable Auto Shippers, Inc.,</u> No. 12-
3722, 2013 WL 247285, at *3 (E.D. Pa. Jan. 23, 2013).  "When the
chosen forum has little connection with the operative facts of
the lawsuit, such that retaining the action conflicts with the
interests in efficiency and convenience," this factor will

receive less weight.  Cancer Genetics, Inc. v. Kreatech Biotech.
B.V., No. 07-273, 2007 WL 4365328, at *5 (E.D. Pa. Dec. 11,
2007).  The operative facts of a products liability action, such
as that involving a prescription drug, occur where the allegedly
defective drug was ingested and the injury occurred.
McLaughlin, 2012 WL 4932016, at *4 (citations omitted).

Though the development of Paxil is alleged to have
occurred within the Eastern District of Pennsylvania, the
"operative facts" (e.g., where ingestion and injury occurred)
are those which are alleged to have occurred within the Southern
District of Texas.  This factor weighs in favor of transfer.

d.    The Convenience of the Parties

Plaintiffs reside within the Southern District of
Texas.  Plaintiffs' convenience, despite Plaintiffs' opposition
to the motion, is better suited by transfer.  Defendant claims
that trial in the Southern District of Texas would be no more
inconvenient for them:

> [Defendant] is a global company, and [Defendant's]
> employees with knowledge of the labeling and warnings
> concerning Paxil reside outside of Pennsylvania,
> including in the United Kingdom and North Carolina.
> Thus, Pennsylvania is not a central area of residence
> for [Defendant's] employees such that the trial would

14

be more convenient or practical for [Defendant] in
Pennsylvania.

Def.'s Brief 13. Accordingly, this factor weighs in favor of
transfer.

e.    The Convenience of the Witnesses


Section 1404(a) "provides for transfer to a more
convenient forum, not to a forum likely to prove equally
convenient or inconvenient" to the witnesses. Hahnemann Univ.
v. City of Newark, Dep't of Health & Human Servs., No. 95-5649,
1995 WL 684878, at *3 (E.D. Pa. Nov. 16, 1995) (Robreno, J.)
(quoting Shutte, 431 F.2d at 24). Different types of witnesses
are afforded different weight in the determination of whether a
case should be transferred. Snyder v. Bertucci's Rest. Corp.,
No. 12-5382, 2012 WL 6601384, at *3 (E.D. Pa. Dec. 18, 2012).
Fact witnesses, those who "possess first-hand knowledge of the
events giving rise to the lawsuit, have traditionally weighed
quite heavily in the 'balance of convenience' analysis." Id.
Party witnesses or witnesses employed by a party are given less
weight because each party is obligated to produce the attendance
of themselves and their employees. Id.

15

Defendant alleges that either forum is equally inconvenient for its employees and experts who live in various locations across the world.  Furthermore, Plaintiffs themselves are not afforded great weight.  Plaintiff's physicians, and other likely fact witnesses, are, however, given strong consideration in the analysis.  Given that these fact witnesses reside within the Southern District of Texas, this factor weighs heavily in favor of transfer.

> f.    The Location of Books and Records

This factor is "limited to the extent that the [books and records] cannot be produced in the alternative forum." Jumara, 55 F.3d at 879 (citation omitted).

Given that Plaintiffs will be entitled to compulsory discovery of Defendant's documents under Rule 34 of the Federal Rules of Civil Procedure, regardless of where the case is tried, this factor does not weigh against transfer.  Defendant is a large, multinational entity, and it will be able to produce the documents for Plaintiffs.  Furthermore, as Defendant has already produced significant discovery in other Paxil-Pregnancy cases, to repeat that effort here should not be particularly difficult.

16

In total, four of the six private interest factors weigh in favor of transfer while only one, the Plaintiff's choice of forum, weighs against transfer.  In this case, Plaintiffs' choice of forum does not receive significant weight because the chosen forum is neither where Plaintiffs reside nor where the operative facts occurred.  See Copley, 2009 WL 2160640, at *3; Fid. Leasing, 1999 WL 269933, at *2. Accordingly, the Court finds that the private interests weigh heavily in favor of transfer.

The Court will next weigh the six public interests as described by Jumara.

2.  Public Interests

a.    The Enforceability Of The Judgment

Neither party argues that a judgment in either forum would be unenforceable.  Therefore the Court does not give this factor any weight in its analysis.

b.      Practical Considerations That Could Make The
        Trial Easy, Expeditious, Or Inexpensive


Again, neither party directly argues this factor.
Therefore, the Court does not give this factor any weight in its
analysis.

Notably, this case has been before the Court for a
relatively short period of time and with a minimum amount of
litigation, therefore "a transfer will not significantly disrupt
the litigation or result in a judicial waste of resources."
Copley, 2009 WL 2160640, at *6.


c.      The Relative Administrative Difficulty In
        The Two Fora Resulting From Court Congestion


Defendant argues that the docket for the Southern
District of Texas is less congested than the docket for the
Eastern District of Pennsylvania.  As of March 31, 2013, the
Eastern District of Pennsylvania had 16,716 civil cases pending
while the Southern District of Texas only had 5,060 civil cases
pending.  See Federal Judicial Caseload Statistics 2013, Table
C, U.S. District Courts—Civil Cases Commenced, Terminated, and

18

Pending, <u>available at</u>
http://www.uscourts.gov/Viewer.aspx?doc=/uscourts/Statistics/Fed
eralJudicialCaseloadStatistics/2013/tables/C00Mar13.pdf.   Even
though, as Plaintiffs assert, the Eastern District of
Pennsylvania has more judges, the caseload per judge is still
significantly higher in the Eastern District of Pennsylvania.
While this fact weighs in favor of transfer, the Court notes
that the calendar of the Court is not so full as to deny the
parties a prompt and thorough consideration of their case.


    d.      <u>The Local Interest In Deciding Controversies</u>
                <u>At Home</u>


"When an action involves injuries sustained in a
particular locale, the public interest supports adjudication of
the controversy in that locale."  <u>See</u> <u>In re Eastern Dist.</u>
<u>Repetitive Stress Injury Litig.</u>, 850 F. Supp. 188, 195 (E.D.N.Y
1994).  In addition, states have a strong interest in ensuring
that their residents are protected from out of state
corporations.  <u>Zubyk v. LPBOC Hotel Ltd. P'ship</u>, No. 00-971,
2000 WL 963168, at *11 (E.D. Pa. June 27, 2000) (finding state
"has an interest in protecting its residents from out-of-state
corporations, as well as an interest in providing residents with

19

a means of redress for injuries inflicted by out-of-state defendants.")  States have an interest, in particular, from protecting their citizens its citizens from "medical care from an out-of-state" business entity.  Bond v. Laser Spine Inst., LLC, No. 10-1086, 2010 WL 3212480, at *14 (E.D. Pa. Aug. 11, 2010) (citing Zubyk, 2000 WL 963168, at *11).  Finally, if this case goes to trial then "the burden of jury duty should not be placed on citizens with a remote connection to the lawsuit."  Carson Helicopters, Inc. v. Houston Cas. Co., No. 08-5301, 2009 WL 1688472, at *4 (E.D. Pa. June 16, 2009) (citation omitted).

Plaintiffs concede that Texas has a strong interest in deciding these cases.  See Pls.'s Brief 11.  Plaintiffs assert, however, that Pennsylvania has a superior interest because the "citizens of Pennsylvania, and Philadelphia in particular, have a strong interest in policing the conduct of their resident business entities."  Pls.' Brief 11.  Plaintiff ignores that this argument also supports Texas' interest in the case given its interest in protecting its own citizens from an out of state producer of medical products.  See Bond, 2010 WL 3212480, at *14.

Accordingly, when comparing the interest of the two states, the Court finds that the public interest in deciding the controversy at home weighs in favor of transfer.

e.      The Public Policies Of The Fora


        Neither party presents an argument as to this element, and the Court does not weigh it in the analysis.


f.      The Familiarity Of The Trial Judge With The Applicable State Law In Diversity Cases


        Ordinarily, in a diversity action, a federal court applies the choice of law rules of the state in which it sits. See Klaxon v. Stentor Elec. Mfg. Co., 313 U.S. 487, 497 (1941). If, however, a case is transferred under § 1404(a) "the transferee district court must be obligated to apply the state law that would have been applied if there had been no change of venue" because a "change of venue under § 1404(a) generally should be, with respect to state law, but a change of courtrooms."  Van Dusen v. Barrack, 376 U.S. 612, 639 (1964). This includes a state's choice of law provisions.  Accordingly, Pennsylvania choice of law will apply.

        Pennsylvania uses a two-step process to resolve choice-of-law questions.  Blain v. Smithkline Beecham Corp., 240

21

F.R.D. 179, 192-93 (E.D. Pa. 2007).  The first step is
determining whether there is a real conflict.  Id.  If there is
an actual conflict, the second step is a determination of which
state has the greater interest in applying its law.  Id. at 193.

     In this case, Defendant argues that under
Pennsylvania's choice-of-law provisions, Texas law would apply
to the case.  Defendant asserts that "[s]ubstantial conflicts
exist between Texas and Pennsylvania products liability law" and
that "Texas law has a statutory product liability regime that is
entirely different from product liability law established by
Pennsylvania courts."  Def.'s Br. 15.  Defendant asserts that
Texas has a greater interest in applying its law.  Def.'s Br.
16.  If both of these arguments are true, Texas law would apply
under Pennsylvania's choice of law provisions.  See Blain, 240
F.R.D. at 192-93.

     Plaintiffs contend, without any choice-of-law
analysis, that "Pennsylvania law may apply to many aspects of
Plaintiff's claims."  Pls.'s Brief 10. Plaintiffs ultimately
argue that "differences in state law should not weigh in favor
of transfer" because the Court is able to handle to application
of various state law nuances.

     Without engaging in Pennsylvania's choice of law
analysis for each claim of Plaintiffs' complaint, the Court

finds that this factor will not weigh in the analysis.  See,
e.g., Brozoski v. Pfizer Inc., 00-CIV.-4215, 2001 WL 618981, at
*3 (S.D.N.Y. June 6, 2001) ("[T]he fact that the law of another
jurisdiction governs the outcome of the case is a factor
accorded little weight on a motion to transfer.  This is
especially true where—as here—there are no complex questions of
foreign law involved." (internal citation omitted)).  Whether
Pennsylvania or Texas law will apply, the district court in
either state is more than capable of applying that law to the
case.  This is not an issue where the law of a foreign nation
would apply or, as in McLaughlin, the difference between
Pennsylvania's common law system and Lousiana's civil code
system.  See McLaughlin, 2012 WL 4932016, at *8 (holding that
potential that Lousiana law could apply meant factor weighed
slightly in favor of transfer).

          Of the public interest factors, the majority are
neutral factors.  Only two of the factors truly affect the
balance, and both of those weigh towards transferring the case.
As the private factors weigh heavily towards transfer and the
public factors moderately weigh towards transferring the case,
the litigation would more conveniently proceed and the interests
of justice would be better served by transfer to the Southern
District of Texas.  Jumara, 55 F.3d at 879.  Accordingly,

23

Defendant has met its burden of showing the desirability of transferring venue.  Id.

**V.    CONCLUSION**

        For the reasons set forth above, the Court grants Defendant's Motion to Transfer Venue pursuant to 28 U.S.C. § 1404(a) and transfers this case to the active docket of the Southern District of Texas for further proceedings.